UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
:
**ROMAN BRIK**,
:
                     Plaintiff,
:   **MEMORANDUM AND ORDER**
        – against –
:   23-CV-3507 (AMD) (LB)
:
**JANET McFARLAND, COURT OFFICER LAVANCO, Badge # 6248**
:
                   Defendants.
:
------------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

On May 5, 2023, the *pro se* plaintiff filed a complaint bringing claims pursuant to 42 U.S.C. § 1983, and one claim for intentional infliction of emotional distress under New York law, against the Honorable Janet McFarland, a judge in Family Court of the State of New York, Richmond County and a court officer, Officer Lavanco, Shield Number 6248, in connection with ongoing family court proceedings. (ECF No. 1.) On May 17, 2023, the plaintiff filed a motion for recusal. (ECF No. 4.) The Court grants the plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the plaintiff's motion for recusal is denied, the complaint is dismissed, and the plaintiff is granted thirty days leave from the date of this order to file an amended complaint against Officer Lavanco only.

## BACKGROUND

This is the defendant's third complaint related to family court proceedings in Richmond County.[1] In a complaint filed on September 7, 2021, the plaintiff asserted § 1983 claims against the Honorable Peter F. DeLizzo, a New York state judge overseeing his child custody

---

[1] *See Brik v. Stroutsovsky*, Nos. V-1268-20/20A & V-1269-20/20A.

proceedings. (*Brik v. DeLizzo*, No. 21-CV-5353, ECF No. 1).)[2] I dismissed that complaint on October 6, 2021 as frivolous because Judge DeLizzo is immune from suit, but granted the plaintiff leave to amend. (*Id.*, ECF No. 5.) On November 15, 2021, the plaintiff filed an amended complaint, this time against the Richmond County Family Court, seeking a declaration affirming his constitutional right to a jury trial in his child custody case. (*Id.*, ECF No. 7.) On December 22, 2021, I dismissed the amended complaint for two reasons: because the Richmond County Family Court is a state entity immune from suit, and because there is no constitutional right to a jury trial in a state court child custody case. (*Id.*, ECF No. 9.) The plaintiff appealed that decision to the Second Circuit, arguing that I "ignored explicit statutory language and abundant case law, erroneously and unjustly denying expressly provided for declaratory relief." (*Id.*, ECF No. 11.) On November 14, 2022, the Second Circuit dismissed that appeal by mandate because the appeal lacked an arguable basis in law or fact. (*Id.*, ECF No. 13.)

In the meantime, on October 7, 2021, the plaintiff filed a § 1983 case against Judge McFarland, who replaced Judge DeLizzo in the custody proceeding. The plaintiff claimed that Judge McFarland "effectively" denied his emergency order to show cause. (ECF No. 1 ¶ 118; *Brik v. McFarland*, No. 21-CV-5626, ECF No. 1.) The plaintiff voluntarily dismissed this complaint on October 13, 2021.

The plaintiff's most recent filing is also against Judge McFarland for actions she took in the child custody proceeding. The plaintiff alleges that Judge McFarland's decisions were "habitual violations of all judicial norms of behavior" (ECF No. 1 ¶ 7) that impeded his and his children's rights. He further alleges that she exercised "arrogantly delusional contempt toward due process, law, and the U.S. Constitution." (*Id.* ¶ 164.) The plaintiff brings § 1983 claims for

---

[2] Citations to "ECF" refer to filings in the instant case, 23-CV-3507. Citations to filings in related cases specify the relevant docket numbers.

2

(1) violating his First Amendment rights, (2) violating his due process rights, and (3) violating child-parent freedoms.[3] (*Id.* ¶¶ 177-198.) He also brings claims for conspiracy to violate his rights under § 1983 and intentional infliction of emotional distress. (*Id.* ¶¶ 199-198.) Finally, the plaintiff appears to claim that Judge McFarland violated his Sixth and Seventh Amendment rights by denying him a jury trial. (*Id.* ¶ 2.)

In addition to Judge McFarland, the plaintiff brings claims against a court officer, Officer Lavanco, who the plaintiff alleges, "violently assaulted [him]" on February 24, 2023, at the entrance to the courtroom. (*Id.* ¶ 1.) The plaintiff does not include any additional facts to support this claim. The plaintiff seeks declaratory and injunctive relief, including an order enjoining Judge McFarland from retaliating against him. (*Id.* at 54-55.)

## STANDARD OF REVIEW

A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys; the court must read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

Under 28 U.S.C. § 1915(e)(2)(B), a district court will dismiss an *in forma pauperis* action where it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or

---

[3] He also brings this claim pursuant to New York State law.

(iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

## DISCUSSION

### I.   Motion for Recusal

The plaintiff moves that the Court recuse itself. The plaintiff argues that the Court is "inextricably enmeshed with the New York State and its apparatus, in particular, [the] NYS judiciary," and that the Court has "a history indicating [a] full, career-long alignment with family-destroying ideological 'progressive' (Marxist/communist in disguise) agenda fueling the holocaust of childhoods executed by Family and Supreme Courts." (ECF No. 4 at 1.) In addition, he says that the Court is biased against him "in favor of [the Court's] former colleagues," and that it "manipulatively misrepresented [his] arguments and the law, and acted as a prosecutor, judge and executioner," when it dismissed his earlier complaint. (*Id.*)

Under 28 U.S.C. § 455, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). To establish a basis for recusal, "[m]ovants must overcome a presumption of impartiality, and the burden for doing so is substantial." *Metro. Opera Ass'n, Inc. v. Local 100, Hotel Emps. Int'l Union*, 332 F. Supp. 2d 667, 670 (S.D.N.Y. 2004) (citations and quotation marks omitted). The relevant question under § 455(a) is "whether an objective, disinterested observer fully informed of the underlying facts would entertain significant doubt that justice would be done absent recusal." *United States v. Oluwafemi*, 883 F. Supp. 885, 890

(E.D.N.Y. 1995) (citing *DeLuca v. Long Island Lighting Co., Inc.*, 862 F.2d 427, 428-29 (2d Cir. 1988)). Determination of that inquiry is committed to the sound discretion of the judge whose disqualification is sought. *Id.* (citing *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988)). "Where grounds for recusal do not exist, the judge is obligated not to recuse herself." *Id.* (citing *Drexel*, 861 F.2d at 1312; *Wolfson v. Palmieri*, 396 F.2d 121, 124 (2d Cir. 1968)).

Adverse rulings are not a basis for recusal. *See HC2, Inc. v. Messer*, No. 20-CV-3178, 2022 WL 61370, at *3 (S.D.N.Y. Jan. 6, 2022); *see also Sun v. New York City Police Dept.*, No. 18-CV-11002, 2021 WL 4206939, at *1 (S.D.N.Y. Aug. 13, 2021) (denying plaintiff's request for recusal and noting that "[d]isagreement with a litigant's legal position is not an indication of improper bias on the part of the Court"). "A judge should not recuse himself on unsupported, irrational or highly tenuous speculation, and has as much of an obligation not to recuse himself when it is not called for as he is obliged to when it is." *United States v. LaMorte*, 940 F. Supp. 572, 576-77 (S.D.N.Y. Sept. 17, 1996) (internal quotations and citations omitted); *see also Zavalidroga v. Cote,* 395 F. App'x 737, 739 (2d Cir. 2010) ("[W]e have a duty to . . . the Court at large, and the public not to casually recuse ourselves when a party makes general and unsupported allegations about our impartiality.").

The plaintiff does not allege any facts that demonstrate that the Court's decisions were based on anything other than an application of the relevant law. His argument that the Court "twisted and misrepresented the relief [he] sought" (ECF No. 4 at 3) when it dismissed his complaint against Judge Delizzo (*DeLizzo*, No. 21-CV-5353, ECF No. 5) is meritless. In dismissing his amended complaint in 2021, the Court addressed his declaratory relief argument as follows:

5

> The plaintiff faults the Court's directive instructing him not to bring claims against Judge DeLizzo, who has absolute immunity; he notes that he is seeking declaratory relief. (ECF No. 7 at 2-5.) However, the plaintiff seeks a declaration that Judge DeLizzo's past decision violated his constitutional rights, which is retrospective in nature and barred by judicial immunity. *See Treistman v. McGinty*, 804 F. App'x 98, 99 (2d Cir. 2020) ("[J]udicial immunity bars any claim for retrospective declaratory relief."); *MacPherson v. Town of Southampton*, 664 F. Supp. 2d 203, 211 (E.D.N.Y. 2009) ("[T]o the extent Plaintiffs' declaratory claims are retrospective in nature in that they seek a declaration that the Justices' past enforcement of the Town's rental law has violated the Constitution, they are barred by the doctrine of absolute immunity.").

(*DeLizzo*, No. 21-CV-5353, ECF No. 9 at 2.)

The plaintiff says that he requested "a declaration that DeLizzo violated my civil rights." (ECF No. 4 at 4.) By its terms, the plaintiff was seeking purely retrospective relief—a declaration that the judge violated his rights. Thus, those claims were properly dismissed. Indeed, the plaintiff made this very argument on appeal, which the Second Circuit dismissed because it "lacked an arguable basis in law or fact." (*Brik v. DeLizzo*, No. 21-CV-5353, ECF No. 13.)

The plaintiff also objects that his cases were all assigned to this Court, which he claims violates "the fundamental principle of access to justice guaranteed by randomly allotted, impartial judges not acting as jury gatekeepers." (ECF No. 4 at 1.) The plaintiff seems to suggest that the Court sought out his cases. The Court assures the plaintiff that it did not seek out his cases. Rather, the Court was assigned his cases pursuant to Local Rule 50.3.1(e), which requires that "all *pro se* civil actions filed by the same individual" are deemed related "[i]n the interest of judicial economy," and therefore be assigned to the same district judge and magistrate judge. That is why the Court has been assigned to preside over the plaintiff's cases—because he is a *pro se* litigant whose filings are deemed related.

In short, there are no grounds for recusal in this case. Accordingly, the plaintiff's motion is denied.

## II.     Claims Against Judge McFarland

The plaintiff's allegations against Judge McFarland arise from her decisions in the plaintiff's Richmond County Family Court child custody action. It is well-settled that judges have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009); *Ojeda v. Mendez*, No. 20-CV-3910, 2021 WL 66265, at *2 (E.D.N.Y. Jan. 7, 2021). Judicial immunity "is not overcome by allegations of bad faith or malice," nor can judges "be deprived of immunity because the action [the judge] took was in error . . . or was in excess of [the judge's] authority." *Mireles*, 502 U.S. at 11, 13 (quotation marks and citations omitted); *Witcher v. Moriber*, No. 21-CV-6168, 2022 WL 1085297, at *1 (E.D.N.Y. Apr. 11, 2022). Judicial immunity does not apply, however, when a judge takes action outside his or her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12; *see also Bliven*, 579 F.3d at 209-10. Here, the plaintiff fails to assert any plausible claim which suggests that Judge McFarland did not have jurisdiction or acted outside her judicial capacity. Therefore, Judge McFarland is entitled to absolute immunity.

The plaintiff seeks declaratory judgments declaring that Judge McFarland's past acts, in her capacity as the judge assigned to his case, were unlawful. (ECF No. 1 at 54-55.) As explained above, while judicial immunity "do[es] not necessarily preclude declaratory relief," it still bars "claims that are retrospective in nature in that they seek a declaration that a judge's past

7

behavior has violated the Constitution." *Sibley v. Geraci*, No. 6:20-CV-06310, 2020 WL 6041842, at *2 (W.D.N.Y. Oct. 13, 2020) (quoting other sources), *aff'd*, No. 20-3608, 2021 WL 2224369 (2d Cir. June 2, 2021) (summary order). The plaintiff's claims against Judge McFarland fall squarely within that category.

The plaintiff's claims for injunctive relief fare no better. The Federal Courts Improvement Act of 1996 bars injunctive relief in any § 1983 action "against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated, or declaratory relief was unavailable." § 309(c), Pub. L. No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983); *see Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2004) (injunctive relief); *Guerin v. Higgins*, 8 F. App'x 31 (2d Cir. 2001) (declaratory relief). The plaintiff has not alleged that Judge McFarland violated a declaratory decree or acted in excess of her jurisdiction, or that declaratory relief is unavailable. The Court denies the plaintiff's specific request for declaratory relief as improper, but that does not mean that declaratory relief is unavailable as a general matter. *Ashmore v. New York*, No. 12-CV-3032, 2012 WL 2377403, at *3 (E.D.N.Y. June 25, 2012) ("While plaintiff, who appealed the judgment entered against him in state court, may not have succeeded in obtaining declaratory relief, he has not alleged facts to suggest that such relief was unavailable."). Indeed, "[d]eclaratory relief against a judge for actions taken within her judicial capacity is ordinarily available by appealing the judge's order." *Walker v. Jolly*, No. 23-CV-1430, 2023 WL 3304546, at *7 (S.D.N.Y. May 5, 2023); *see also Vazquez-Diaz v. Borreiro*, No. 1:22-CV-8708, 2022 WL 17539501, at *3 n.4 (S.D.N.Y. Dec. 5, 2022); *Berlin v. Meijias*, No. 15-CV-5308, 2017 WL 4402457, at *4 (E.D.N.Y. Sept. 30, 2017) ("Here, no declaratory decree was violated and declaratory relief is available to plaintiffs through an appeal of the state court judges' decisions

8

in state court."). Thus, declaratory relief was available to the plaintiff in the form of an appeal in state court.

Accordingly, the plaintiff's claims against Judge McFarland are dismissed.

### III.   Claims Against Court Officer Lavanco

The plaintiff also names Officer Lavanco in the complaint, but alleges only that Officer Lovanco "violently assaulted" him on February 24, 2023, "apparently at the direction of McFarland." (ECF No. 1 ¶ 1.) Pursuant to Rule 8 of the Federal Rules of Civil Procedure, the plaintiff must provide a short, plain statement of his claim against the defendant so that the defendant has adequate notice of the claims against him. *Iqbal*, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. (internal citations and alterations omitted). To satisfy this standard, the complaint must at a minimum "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted); *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. Feb. 15, 2019).

Even liberally construing the plaintiff's claims against Officer Lavanco, the complaint as drafted does not state a claim upon which relief can be granted. Although the plaintiff alleges that the officer assaulted him, he does not describe anything about the assault or the injuries that he suffered. The plaintiff also appears to make a § 1983 claim against Officer Lavanco; he says that he is seeking a "declaratory judgment that the [] actions of . . . Defendant Lavanco were unlawful and in violation of Plaintiff's First Amendment rights." (ECF No. 1 at 54.) However, the plaintiff does not explain how Officer Lavanco violated his First Amendment rights.

## CONCLUSION

Accordingly, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii), and the plaintiff's motion for recusal is denied. In light of this Court's duty to construe *pro se* complaints liberally, the Court grants the plaintiff thirty days from the date of this order to file an amended complaint against Officer Lavanco. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000).

If the plaintiff elects to file an amended complaint, the amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, and include a short, plain statement of facts to support his claim against Officer Lavanco. The plaintiff must also state the relief that he requests.

An amended complaint against Judge McFarland would be futile because she has judicial immunity and "better pleading will not cure" the defects that the Court has identified. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013) (summary order) (leave to amend is futile where barriers to relief cannot be surmounted by reframing the complaint). Accordingly, the amended complaint should not include claims against Judge McFarland or other defendants who are immune from suit.

If the plaintiff files an amended complaint, it will completely replace, not supplement, the original complaint. The amended complaint must be captioned as an "Amended Complaint," and have the same docket number as this order: 23-CV-3507 (AMD) (LB). No summons will issue at this time and all further proceedings are stayed for thirty days. If the plaintiff does not amend the complaint within thirty days, or cure the deficiencies discussed in this order, judgment will be entered.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

    s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
      June 29, 2023