UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
ROMAN BRIK,

                         Plaintiff,

               -against-

COURT OFFICER LAVANCO,

                       Defendant.
------------------------------------------------------------ X

**REPORT & RECOMMENDATION**
23-CV-3507 (AMD) (SDE)

**SETH D. EICHENHOLTZ**, United States Magistrate Judge:

    *Pro se* Plaintiff Roman Brik brings this civil rights action against Defendant Court Officer

Lavanco.  Currently pending before the undersigned on referral from the Honorable Ann M.

Donnelly, United States District Judge, is Defendant's motion to dismiss pursuant to Federal Rule

of Civil Procedure 37 for failure to prosecute.  This is the second time the Court has considered

whether to dismiss this matter as a result of Plaintiff's failure to prosecute and comply with Court-

ordered deadlines.  For the reasons explained below, the undersigned respectfully recommends the

Court grant Defendant's motion and dismiss this matter.

## BACKGROUND

    The Court assumes familiarity with the factual and procedural background of this case.

Facts as described in the May 6, 2025 Report and Recommendation from then-assigned Magistrate

Judge Lois Bloom recommending dismissal for failure to prosecute (Report & Recommendation

("Prior R&R"), Dkt. No. 53), and the Court's July 22, 2025 Order modifying that Report and

Recommendation (Order Modifying Report & Recommendation ("July 22, 2025 Order"), Dkt. No

61) are incorporated by reference.

    In the Prior R&R, Judge Bloom recommended dismissal because Plaintiff had then failed

to comply with Court orders from February 12, 2025 through May 6, 2025 (the date of the Prior

1

R&R) compelling him to respond to Defendant's interrogatories and document requests and to schedule a date for his deposition. (*See* Prior R&R p. 5.) Plaintiff filed his objections to the Prior R&R on June 23, 2025. (*See* Pl's. Objections, Dkt. No. 58.)

Judge Donnelly rejected most of Plaintiff's objections as frivolous in the July 22, 2025 Order but found, *inter alia*, that Plaintiff's delay was "not so extreme as to cause undue prejudice" to Defendant. (July 22, 2025 Order, pp. 7–9.) Thus, the Court "reluctantly" gave Plaintiff "one final opportunity to prosecute his case." (*Id.* p. 9.) Judge Donnelly noted that the Court had been "exceedingly generous in granting the plaintiff extensions" and warned that "the Court will not tolerate any further delays or recalcitrance on the plaintiff's part." (*Id.*) The Court again ordered Plaintiff to produce his initial disclosures, respond to Defendant's documents requests, and provide a date for his deposition. (*Id.*) The Court also advised Plaintiff that he was required to comply with all future court orders and deadlines and that future extensions would not be granted "absent a truly compelling reason." (*Id.*) Judge Donnelly concluded her Order with a warning that "[f]uture noncompliance with these obligations will result in sanctions, including dismissal." (*Id.*)

The same day that the Court allowed Plaintiff's case to go forward, this case was reassigned to the undersigned. (*See* Docket Entry dated July 22, 2025.) The undersigned ordered the parties to continue with discovery, which they did for some time. (*See* Status Report Order dated July 23, 2025, Dkt. No. 62; Joint Status Report dated Aug. 18, 2025, Dkt. No. 65)

On September 17, 2025, Defendants filed a motion to compel production of discovery, including correspondence from Plaintiff's Facebook Messenger account between Plaintiff and a non-party witness (the "Facebook correspondence"). (*See* Def's. Mot. to Compel, Dkt. No. 67.) Plaintiff had produced some of this correspondence but had redacted or withheld certain sections, ultimately claiming they were irrelevant and/or protected by the reporter's privilege due to his

2

status as a credentialed journalist.  (*See* Pl's. Opp., Dkt. No. 70 ¶ 12.)  Plaintiff produced the complete Facebook correspondence to the undersigned for *in camera* review, and the parties argued this and other discovery disputes over the next two months while continuing to conduct other discovery.  (*See* Minute Entry dated Oct. 6, 2025, Dkt. No. 69; Minute Entry dated Nov. 17, 2025, Dkt. No. 72; Transcript of Nov. 14, 2025 Hearing, Dkt. No. 81.)

On December 11, 2025, after reviewing the Facebook correspondence *in camera* and holding a hearing on Defendant's motion to compel its production, the undersigned granted Defendant's motion to compel and ordered Plaintiff to produce the Facebook correspondence, with some limited redactions, by December 23, 2025.  (*See* Order dated Dec. 11, 2025, Dkt. No. 82 pp. 6–7.)  The undersigned also ordered Plaintiff to respond by the same day to a separate motion by Defendant to extend discovery.  (*See* Order dated Dec. 18, 2025, Dkt. No. 84.)  On December 19, 2025, Defendant filed another discovery motion, this one for a protective order in connection with Defendant's deposition transcript.  (*See* Mot. for Protective Order, Dkt. No 86.)  The undersigned ordered Plaintiff to respond to that motion by January 12, 2026.  (*See* Order dated Dec. 22, 2025, Dkt. No. 89.)  According to Defendant, Plaintiff confirmed receipt of that Order. (*See* Status Report dated Jan. 5, 2026, Dkt. No. 90 p. 1.)

On January 5, 2026, Defendant filed a status report stating Defendant's counsel had not heard from Plaintiff since December 22, 2025, and that Plaintiff had never produced the Facebook correspondence subject to the motion to compel.  (*See id.*)  At this point, Plaintiff had failed to comply with two of three outstanding Court-ordered deadlines:  (i) to produce the Facebook correspondence by December 23, 2025; and (ii) to respond to Defendant's motion to extend discovery by the same date.  The next day, the Court ordered Plaintiff to file by January 12, 2026 a consolidated response to all Defendant's outstanding motions and to produce the Facebook

3

correspondence. (Order dated Jan. 6, 2026, Dkt. No. 91.) Plaintiff failed to comply with that order, as well.

On January 16, 2026, after all outstanding Court-ordered deadlines had passed without a response from Plaintiff, Defendant filed a motion to dismiss for lack of prosecution pursuant to Federal Rule of Civil Procedure 37. (*See* Def's. Mot. to Dismiss, Dkt. No. 92.) Defendant argues dismissal is appropriate under Rule 37 because, despite multiple warnings that noncompliance with discovery obligations will result in dismissal, Plaintiff has failed to comply with Court orders. (*See id.* p. 2.) That motion was referred to the undersigned. (Order dated Jan. 16, 2026.)

On January 16, 2026, the undersigned ordered Plaintiff to show cause by January 23, 2026 as to why Defendant's motion to dismiss for failure to prosecute should not be granted given his failure to comply with the deadlines and because he has seemingly abandoned the prosecution of this case. (*See* Order to Show Cause, Dkt. No. 93.) To this day, Plaintiff has failed to comply with the prior deadlines, has not responded to the Order to Show Cause, and has not prosecuted this case in any way—including communicating with the Court or, apparently, the Defendant— for almost three months.

## LEGAL STANDARD

A district court's broad discretion to manage discovery comes with correspondingly broad discretion to impose sanctions for abusing the discovery process. *See Kyros L. P.C. v. World Wrestling Ent., Inc.*, 78 F.4th 532, 545 (2d Cir. 2023), *cert. denied*, 144 S. Ct. 822 (2024). ("Rule 37 gives a district court the authority to impose 'just' sanctions on a party who fails to comply with a discovery order.") (quoting Fed. R. Civ. P. 37(b)(2)(A)). Federal Rule of Civil Procedure Rule 37 provides that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders . . . [including]

4

dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).

District courts look to several factors when evaluating whether to dismiss an action under Rule 37, including "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *United States v. Veeraswamy,* 350 F.R.D. 355, 362 (E.D.N.Y. 2025) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)). Willfulness is typically inferred from violation of multiple court orders. *See Icon Int'l, Inc. v. Elevation Health LLC*, 347 F.R.D. 274, 288 (S.D.N.Y. 2024). These factors are not exclusive, and they need not each be resolved against the noncompliant party. . . to conclude dismissal was within the district court's discretion. *See Kyros*, 78 F.4th at 546; *S. New Eng. Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010).

"*Pro se* litigants, though generally entitled to 'special solicitude,' . . . are not immune to dismissal as a sanction for noncompliance with discovery orders." *Agiwal*, 555 F.3d at 302 (quoting *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006)). Dismissal may result from a *pro se* litigant's failure to comply with court orders or diligently advance their case, so long as they have been appropriately warned of that consequence. *See Agiwal*, 555 F.3d at 302.

### DISCUSSION

In the instant case, the undersigned considers all four factors governing the Court's discretion regarding its ability to dismiss this matter as a Rule 37 sanction and finds all four factors weigh in favor of dismissal.

First, the undersigned finds Plaintiff's delay and unresponsiveness are willful and in bad faith. Over the past three months, Plaintiff has failed to comply with four Court orders. Those

5

include (i) the December 11, 2025 Order to produce the Facebook correspondence with the non-party witness; (ii) the December 18, 2025 Order to respond to Defendant's motion to extend discovery deadlines; (iii) the December 22, 2025 Order to respond to Defendant's motion for a protective order; and (iv) the January 6, 2026 Order to respond to the discovery issues raised in Defendant's status letter. (*See* Order to Show Cause.) That persistent noncompliance—especially when viewed in the context of Plaintiff's earlier conduct that led to the Prior R&R—weighs in favor of inferring that Plaintiff's noncompliance is willful. *See, e.g.*, *Shanghai Weiyi Int'l Trade Co. v. Focus 2000 Corp.*, 15-CV-3233, 2017 WL 2840279, at *12 (S.D.N.Y. June 27, 2017) ("Willful non-compliance is routinely found, for instance, where a party has repeatedly failed to . . . produce documents . . . in violation of the district court's orders.") (quoting *Farmer v. Hyde Your Eyes Optical, Inc.*, 13-CV-6653, 2015 WL 2250592, at *7 (S.D.N.Y. May 13, 2015)).

Despite having multiple opportunities to do so, including in response to the Court's most recent Order to Show Cause, Plaintiff presents no argument that his conduct is excusable. This is consistent with a pattern of failing to respond to Court orders throughout this litigation. His most recent silence since December 22, 2025—just after the Court issued a ruling compelling the production of discovery that Plaintiff wanted to withhold—is especially telling.

Second, the undersigned also finds lesser sanctions will not be effective to induce Plaintiff to change his conduct. Despite being threatened with the prospect of dismissal, and given another chance to prosecute this matter, he has again engaged in a pattern of failure to comply with Court-ordered deadlines or communicate with the Court in any way. The Court's prior decision to provide Plaintiff with a second chance to prosecute this case after Judge Bloom recommended dismissal has failed to deter a repeat of the same pattern of conduct. This makes clear that lesser sanctions will not be effective. *See, e.g.*, *Sports Garten LLC v. Sunday Night Prods., Inc.*, 20-CV-

6

5617, 2023 WL 10967725, at *4 (E.D.N.Y. Aug. 25, 2023) (finding sanction less than dismissal would not be effective when plaintiff was aware of prior court orders warning of dismissal but continued to demonstrate he was unable to abide by deadlines and rules); *Gordon v. Peralta*, 10-CV-5148, 2012 WL 2530578, at *2 (E.D.N.Y. June 11, 2012) (dismissing case for failure to abide by court orders and noting "the Court has tried the lesser sanction of . . . warning [plaintiff] of possible dismissal to no avail").

The third factor also weighs in favor of dismissal. Plaintiff's most recent period of noncompliance has lasted three months. Under other circumstances, that may not be long enough to warrant dismissal. But in this case, the undersigned considers this period in the context of Plaintiff's full and repetitive pattern of noncompliance. *See J.C. v. Zimmerman*, 150 F.4th 136, 146 (2d Cir. 2025) ("Once Rule 37 is triggered, '[t]he district court is free to consider the full record in the case in order to select the appropriate sanction.'") (quoting *S. New England Tel. Co.*, 624 F.3d at 144). These various periods of non-compliance have delayed a three-year-old matter for a cumulative total of at least half a year. Such a delay, along with its prejudicial impact, does warrant case-terminating sanctions. *See Local Union No. 40 of the Intern. Ass'n of Bridge v. Car-Wi Const.*, 88 F. Supp. 3d 250, 266 (S.D.N.Y. 2015) ("[D]urations of time as brief as a few months have been held to weigh in favor of dispositive sanctions . . . . And periods of six months or more weigh even more heavily toward such remedies."); *Agiwal*, 555 F.3d at 303 (affirming dismissal sanction where disregard of magistrate judge's orders spanned approximately six months).

Fourth and perhaps most importantly, Plaintiff has been warned by three different judges at various points during the past year that further noncompliance would result in dismissal. (*See* Order dated Mar. 14, 2025, Dkt. No. 47) (warning Plaintiff that failure to produce outstanding discovery would result in recommendation that case be dismissed); Prior R&R ("Plaintiff's failure

to comply with the Court's Orders since February 12, 2025, . . . militates for dismissal as the appropriate sanction."); July 22, 2025 Order ("Future noncompliance with these obligations will result in sanctions, including dismissal."); Order to Show Cause (ordering Plaintiff to respond to outstanding orders and "warn[ing] that failure to do so will result in a recommendation that this matter be dismissed").) All of these orders were personally served on Plaintiff. Such clear and consistent warnings are more than enough to weigh in favor of dismissal when Plaintiff nevertheless fails to comply with the Court's orders. *See, e.g.*, *Davis v. City of N.Y.*, 17-CV-3863, 2019 WL 7842400, at *6 (E.D.N.Y. Dec. 3, 2019), (finding three warnings from court were sufficient notice to warrant dismissal), *report and recommendation adopted*, 2020 WL 103525 (E.D.N.Y. Jan. 9, 2020).

## CONCLUSION

Given Plaintiff's history of noncompliance and delay described above and in the Court's prior orders, the undersigned respectfully recommends that the Court grant Defendant's motion to dismiss for failure to prosecute and dismiss this matter.

## OBJECTIONS

Any objections to this Report and Recommendation must be filed within 14 days of service of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time to file objections must be directed to Judge Donnelly. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party [forfeits] appellate review of a decision in a magistrate judge's Report and Recommendation if the

party fails to file timely objections designating the particular issue."); *Thomas v. Arn*, 474 U.S. 140 (1985) (finding Federal Magistrates Act does not forbid court of appeals from adopting rule conditioning appeal from district court's judgment that adopts magistrate judge's recommendation upon filing of objections to magistrate judge's report identifying those issues on which further review is desired).

**SO ORDERED.**

Dated: Brooklyn, New York
          March 5, 2026

/S/  *SETH D. EICHENHOLTZ*
SETH D. EICHENHOLTZ
United States Magistrate Judge
Eastern District of New York