UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------- X

                                   :

**ROMAN BRIK**,

                        Plaintiff,

                        – against –

**COURT OFFICER LAVANCO**,

                        Defendant.

--------------------------------------------------------------- X

**ORDER ADOPTING REPORT AND RECOMMENDATION**

23-CV-3507 (AMD) (SDE)

**ANN M. DONNELLY**, United States District Judge:

On May 5, 2023, the *pro se* plaintiff brought 42 U.S.C. § 1983 claims and a state law claim for intentional infliction of emotional distress against the defendant and Judge Janet McFarland in connection with Richmond County Family Court proceedings.  (ECF No. 1.)  On June 29, 2023, the Court dismissed the complaint against Judge McFarland based on judicial immunity and against the defendant for failure to state a claim.  (ECF No. 9.)  The Court granted the plaintiff leave to file an amended complaint against the defendant, which the plaintiff did almost seven months later, on January 23, 2024.  (ECF No. 14.)  In the amended complaint, the plaintiff alleged violations of his First, Fourth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, as well as New York state law claims for assault, battery, and intentional infliction of emotional distress.  (*Id.* at 5–8.)  The defendant moved to dismiss all claims, except the First Amendment claim.  (ECF Nos. 20–21.)  On November 4, 2024, the Court granted the defendant's motion in part, permitting the assault, battery, and First Amendment claims to go forward.  (ECF No. 31.)

On January 16, 2026, the defendant moved to dismiss the complaint for lack of prosecution pursuant to Federal Rules of Civil Procedure 37.  (ECF No. 92.)  The Court referred

the motion to Magistrate Judge Seth Eichenholtz.  (*ECF Order dated Jan. 16, 2026.*)  Judge

Eichenholtz ordered the plaintiff to show cause by January 23, 2026 as to why the Court should

not grant the motion.  (ECF No. 93.)  The plaintiff has not responded to the order to show cause.

In a March 5, 2026 Report and Recommendation, Judge Eichenholtz recommended that the

Court dismiss the complaint pursuant for failure to prosecute.  (ECF No. 96.)  The plaintiff did

not file any objections to Judge Eichenholtz's recommendation.  As explained below, the Court

adopts the Report and Recommendation in its entirety.

This is the second time the Court has considered whether it should dismiss the complaint

because of the plaintiff's refusal to adhere to court deadlines and to respond to court orders.  (*See*

ECF No. 61.)  The facts are described in then-Magistrate Judge Lois Bloom's Report and

Recommendation that the Court dismiss the complaint for failure to prosecute (ECF No. 53), in

this Court's July 22, 2025 order modifying that Report and Recommendation (ECF No 61), and

in Judge Eichenholtz's Report and Recommendation (ECF No. 96), and are incorporated by

reference.[1]

Judge Bloom recommended that the Court dismiss the case, because the plaintiff did not

comply with or respond to multiple court orders from February 12, 2025 through May 6, 2025; in

particular, the plaintiff did not respond to interrogatories, document requests, or schedule his

deposition.  (*See* ECF No. 53 at 5.)  The plaintiff filed objections to Judge Bloom's R&R on June

23, 2025, long after the 14-day deadline for responses.  (*See* ECF No. 58.)

The Court rejected most of the plaintiff's objections as "frivolous and factually

unsupported," but concluded that the delay was "not so extreme as to cause undue prejudice" to

---

[1] Judge Bloom retired in May 2025.  This case was reassigned to Judge Eichenholtz on July 22, 2025.
(ECF No. 61 at 9.)

the defendant.  (ECF No. 61 at 5–8.)  Thus, in consideration of the plaintiff's *pro se* status, the Court "reluctantly" gave the plaintiff "one final opportunity to prosecute his case."  (*Id.* at 9.)  Noting that it had been "exceedingly generous in granting the plaintiff extensions," the Court warned that it would not "tolerate any further delays or recalcitrance on the plaintiff's part."  (*Id.*)

Despite that unambiguous warning, the plaintiff has resumed his pattern of ignoring court-ordered deadlines and not responding to or otherwise communicating with the Court.  Judge Eichenholtz issued multiple orders in December 2025, all of which the plaintiff ignored.  On December 11, 2025 and December 18, 2025, Judge Eichenholtz ordered the plaintiff to produce correspondence from his Facebook Messenger account and to respond to the defendant's pending motion to extend discovery by December 23, 2025.  (*See* ECF No. 82 at 6–7; ECF No. 84.)  The plaintiff did not meet that deadline.  On December 22, 2025, Judge Eichenholtz ordered the plaintiff to respond to the defendant's motion for a protective order by January 12, 2026.  (ECF No. 89.)  Judge Eichenholtz gave the plaintiff another chance to comply with the December orders; on January 6, 2026, he ordered the plaintiff to file a consolidated response to the outstanding motions and produce the required correspondence by January 12, 2026.  (ECF No. 91.)  The plaintiff ignored that order, too.  In short, the plaintiff has not communicated with the Court or the defendant since December 22, 2025.  (*See* ECF No. 90.)

Consistent with that pattern, the plaintiff did not file objections to the Report and Recommendation, and the time for doing so has passed.  The defendant does not object to the Report and Recommendation but asks that the Court dismiss the action with prejudice.  (ECF No. 99.)

3

A district court deciding whether to adopt a Report and Recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  To accept those portions of the Report and Recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)); *see also VOX Amplification Ltd. v. Meussdorffer*, 50 F. Supp. 3d 355, 369 (E.D.N.Y. 2014).  The Court has carefully reviewed Judge Eichenholtz's well-reasoned Report and Recommendation for clear error and finds none.[2]

The Second Circuit has stated that "[a]ll litigants, including *pro ses*, have an obligation to comply with court orders" and "failure to comply may result in sanctions" under Federal Rule of Civil Procedure 37, "including dismissal with prejudice." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (citing *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990)).  "'[D]ismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault' by the non-compliant litigant." *Id.* (quoting *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990)).  In this case, the Court has given the plaintiff more than ample warning of the consequences of disregarding court orders.  The plaintiff has nevertheless persisted in his conduct.  As Judge Eichenholtz observed in the Report and Recommendation, the plaintiff's "delay and unresponsiveness are willful and in bad faith." (ECF No. 96 at 5.)  Indeed, the plaintiff stopped communicating with the Court "just after the Court issued a ruling compelling the production of discovery that

---

[2] The only modification the Court makes to the Report and Recommendation is that the dismissal is with prejudice.

4

Plaintiff wanted to withhold," which, as Judge Eichenholtz wrote, is "especially telling." (*Id.* at 6.) Accordingly, the Court grants the motion to dismiss with prejudice. *See El v. Litra*, 18-CV-2398, 2022 WL 21781419, at *4–7 (E.D.N.Y. Aug. 1, 2022) (dismissing a *pro se* plaintiff's complaint with prejudice under Rule 37(b)), *report and recommendation adopted*, 2024 WL 1342734 (E.D.N.Y. Mar. 29, 2024).

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
   March 24, 2026

5