UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X

                 :

**ROMAN BRIK**,

                 :

               Plaintiff,

                 :     **MEMORANDUM DECISION AND ORDER**

        – against –

                 :     23-CV-3507 (AMD) (SDE)

                 :

**COURT OFFICER LAVANCO**,

                 :

             Defendant.

                 :

-------------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

The Court assumes familiarity with the facts and procedural history of this case.[1]  In a March 5, 2026 Report and Recommendation, Magistrate Judge Seth D. Eichenholtz recommended that the Court dismiss the plaintiff's complaint for failure to prosecute.  (ECF No. 96.)  Judge Eichenholtz's order instructed as follows: "Defendant shall serve Plaintiff with a copy of this Report and Recommendation by first-class mail and file proof of service on or before 3/9/2026.  Any objections to this Report and Recommendation must be filed within 14 days after service.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2)."  (*ECF Order dated Mar. 5, 2026.*)  Accordingly, the defendant filed a certificate of service, which stated that he served a copy of Judge Eichenholtz's Report and Recommendation on March 9, 2026, by First Class Mail, to the address that the plaintiff provided as his mailing address.  (ECF No. 97.)  The plaintiff did not file any objections to Judge Eichenholtz's Report and Recommendation within fourteen days of service.  Therefore, the Court issued an order adopting the Report and Recommendation on March 24, 2026.  (ECF No. 101.)

---

[1] The facts, which the Court incorporates by reference, are described in the Court's order adopting Judge Eichenholtz's Report and Recommendation (ECF No. 101), and in the Court's order modifying then-Chief Magistrate Judge Lois Bloom's Report and Recommendation (ECF No. 61).

On March 28, 2026, the plaintiff filed a one-page document — his first communication with the Court since December 22, 2025 (*see id.* at 3) — in which he claimed that he "had to relocate to another place due to ongoing retaliation by the local Staten Island government mafia, and harassment stemming from the underlying court case." (ECF No. 105 at 1.) As for his objections to Judge Eichenholtz's recommendation, he said only that the Report and Recommendation "should be overturned" for the "same reasons that led to the overturning of the prior R&R," and all his "prior arguments are incorporated herein, mutatis mutandis." (*Id.*)

"The granting or denial of a motion to extend the time for objection to a magistrate's recommendations lies within the discretion of the district court." *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988). "If such a motion is made after the expiration of the deadline for objections, the movant is required to show that 'the failure to act was the result of excusable neglect.'" *Id.* at 58 (quoting Fed. R. Civ. P. 6(b)). The plaintiff's objections are untimely. Even assuming that the plaintiff was entitled to a three-day extension under Fed. R. Civ. P. 6(d) because the defendant served the recommendation by mail (*see* ECF No. 105), the deadline to file objections was March 26, 2026. He did not file anything until two days later. Nor does the plaintiff show that his delay was "the result of excusable neglect." *Wesolek*, 838 F.2d at 58. He claims that "any inadvertent delays" occurred because he "had to relocate," and that his "address is confidential and enrolled in the program officially administered by the State of New York for victims." (ECF No. 105 at 1.) But a party is responsible for making sure that the Court has an accurate address for service, and to update that information if it changes. The plaintiff has not explained why he did not give the Court his new address. Accordingly, he is not entitled to an extension of the objection period.

Even if the Court were to extend the deadline, however, the plaintiff could not prevail. Indeed, he does no more than rely on the objections he made to Judge Bloom's Report and Recommendation.  (*Id.* (citing ECF No. 58).)  The Court has already rejected those claims as "frivolous and factually unsupported."  (ECF No. 61 at 5.)  The Court modified Judge Bloom's recommendation not because the plaintiff gave any plausible excuse for his behavior, but in an excess of caution, to give him "one final opportunity to prosecute his case."  (*Id.* at 9.)  As explained in the Court's March 24, 2026 order, the plaintiff rejected that opportunity and persisted in ignoring court orders.  (ECF No. 101 at 3–5.)  Thus, the Court adheres to its decision adopting Judge Eichenholtz's Report and Recommendation in its entirety.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       April 6, 2026

3